James E. Doroshow (SBN 112920)
jdoroshow@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310-598-4150
Facsimile: 310-556-9828

Attorneys for Plaintiff,
NU FLOW TECHNOLOGIES (2000) INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NU FLOW TECHNOLOGIES (2000) INC., <br><br> Plaintiff, <br><br> v. <br><br> A.O. REED & COMPANY, a California corporation, and DOES 1-10, <br><br> Defendants. | Case No. '13CV1818 MMA JMA <br><br> Hon. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **REQUEST FOR JURY TRIAL** |

COMPLAINT
1

21988530 08/05/2013

Plaintiff Nu Flow Technologies (2000) Inc., a Canadian corporation, for its Complaint against A.O. Reed & Company, a California corporation, and Does 1-10, alleges as follows:

## THE PARTIES

1. Plaintiff Nu Flow Technologies (2000) Inc. ("Nu Flow" or "Plaintiff"), is a corporation organized under the laws of Canada, having its place of business in Oshawa, Ontario, Canada.

2. Upon information and belief, A.O. Reed & Company ("Reed"), is a California corporation organized and existing under the laws of the State of California, having a principal place of business at 4777 Ruffner Street, San Diego, CA 92111.

3. The true names and capacities of the Defendants named herein as Does 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as Doe is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend the Complaint when the true names and capacities of said Doe Defendants have been ascertained. A.O. Reed & Company and Does 1 through 10 are hereinafter collectively referred to as "Defendants."

4. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

5. Plaintiff is informed and believes, and on that basis alleges, that each of the A.O. Reed & Company and Does 1 through 10 has acted in concert and participation with each other concerning the claim in this Complaint.

///

COMPLAINT
2

21988530 08/05/2013

6. Plaintiff is informed and believes, and on that basis alleges, that each of A.O. Reed & Company and Does 1 through 10 was employed to act as the agent, servant, and/or employees of each other, and that the acts alleged to have been done by each of them were authorized, approved, and/or ratified by each of them.

## JURISDICTION AND VENUE

7. Plaintiff Nu Flow asserts against Defendants claims for patent infringement arising under the patent laws of the United States, title 35 of the United States Code. This Court, therefore, has subject matter jurisdiction under 28 U.S.C., §§ 1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. 1391(c) and 1400(a)-(b) because a substantial part of the events giving rise to this claim as to each Defendant, occurred within this judicial district. Defendant Reed also sells infringing products and services in this judicial district, and Reed resides in this district.

## THE PATENTS AT ISSUE

9. Plaintiff Nu Flow is the assignee of all rights, title, and invention in United States Patent Nos. 7,849,883 B2, entitled "Liner Assembly for Pipeline Liners, Pipeline Liners and Methods for Installing the Same" (the "'883 Patent"); and United States Patent No. 6,691,741 B2, entitled "Installation Assemblies for Pipeline Liners, Pipeline Liners and Methods for Installing the Same" (the "'741 Patent"). True and correct copies of these patents are attached hereto as Exhibits A and B, respectively.

10. The '883 and '741 Patents are an innovative solution for installing a liner and for repairing liners in a pipeline as originally invented by Cameron Manners. The '883 Patent duly and legally issued on December 14, 2010, and the '741 Patent duly and legally issued on February 17, 2004.

///

COMPLAINT
3

21988530 08/05/2013

### FIRST CLAIM FOR RELIEF FOR PATENT INFRINGEMENT AGAINST ALL DEFENDANTS

### (Infringement of the '883 Patent)

11. Plaintiff incorporates by reference each of the allegations in paragraphs 1-10 above as if set forth in full herein.

12. Upon information and belief, Defendant Reed and Does 1-10 have, without authorization, made, imported, used, offered for sale, and/or sold pipe lining products and installation assemblies for installing and/or repairing a liner in a pipeline that directly infringe the '883 Patent, both literally and/or under the doctrine of equivalents (the "Accused Products").

13. Prior to filing suit, Plaintiff Nu Flow and its counsel sent Reed several cease-and-desist letters requesting that Reed and Does 1 through 10 cease their infringing activities, but Defendants have refused to do so. Therefore, their infringement has been and continues to be deliberate and willful.

14. Upon information and belief, because of the acts of patent infringement herein complained of, Defendants have made substantial profits to which they are not entitled.

15. Plaintiff is entitled to recover from Defendants all damages it has sustained as a result of Defendants' infringement of the '883 Patent.

16. Upon information and belief, Defendants' infringement of the '883 Patent will continue and will cause Plaintiff irreparable harm unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF FOR PATENT INFRINGEMENT AGAINST ALL DEFENDANTS

### (Infringement of the '741 Patent)

17. Plaintiff incorporates by reference each of the allegations in paragraphs 1-16 above as if set forth in full herein.

///

18. Upon information and belief, Defendant Reed and Does 1-10 have, without authorization, made, imported, used, offered for sale, and/or sold pipe lining products and installation assemblies for installing and/or repairing a liner in a pipeline that directly infringe the '741 Patent, both literally and/or under the doctrine of equivalents (the "Accused Products").

19. Prior to filing suit, Plaintiff Nu Flow and its counsel sent Reed several cease-and-desist letters requesting that Reed and Does 1 through 10 cease their infringing activities, but Defendants have refused to do so. Therefore, their infringement has been and continues to be deliberate and willful.

20. Upon information and belief, because of the acts of patent infringement herein complained of, Defendants have made substantial profits to which they are not entitled.

21. Plaintiff is entitled to recover from Defendants all damages it has sustained as a result of Defendants' infringement of the '741 Patent.

22. Upon information and belief, Defendants' infringement of the '741 Patent will continue and will cause Plaintiff irreparable harm unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as to Defendants as follows:

A. Preliminary and permanent injunctions against further infringement of the '883 and '741 Patents by Defendants;

B. An award in favor of Plaintiff of the damages it has sustained as a consequence of Defendants' infringement of the '883 and '741 Patents pursuant to 35 U.S.C. § 284;

C. Find that Defendants' patent infringement has been willful and increase the damages awarded to Nu Flow to three times the amount assessed pursuant to 35 U.S.C. § 284;

///

D.  Find this to be an exceptional case and award Nu Flow's attorneys' fees pursuant to 35 U. S. C. § 285;

E.  Award to Plaintiff interest and costs as fixed by the Court as to all Defendants; and

F.  Award to Plaintiff such other and further relief as this Court deems just and proper.

Dated: August 5, 2013                    FOX ROTHSCHILD LLP

By _____
James E. Doroshow
Attorneys for Plaintiff, NU FLOW TECHNOLOGIES (200) INC.

COMPLAINT
6

21988530 08/05/2013

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Nu Flow (2000) Inc. does hereby demand trial by jury of each and every issue or claims as to which it is entitled to trial by jury under Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 5, 2013              FOX ROTHSCHILD LLP

By _/s/ James E. Doroshow_____
James E. Doroshow
Attorneys for Plaintiff, NU FLOW
TECHNOLOGIES (200) INC.