FILED

14 APR -8 AM 10: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                    DCg                  DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NU FLOW TECHNOLOGIES (2000) INC., | CASE NO. 13-CV-1818 BEN (JMA) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| vs. | [Docket No. 9] |
| A.O. REED & COMPANY; and DOES 1-10, | |
| Defendants. | |

Presently before the Court is Defendant A.O. Reed & Company's Motion to Dismiss the Complaint. (Docket No. 9.)  For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

On August 6, 2013, Plaintiff Nu Flow Technologies (2000) Inc. filed suit against Defendant A.O. Reed & Company and ten Doe defendants.  The Complaint alleges: (1) infringement of U.S. Patent No. 7,849,883 B2 (the '883 patent); and (2) infringement of U.S. Patent No. 6,691,741 B2 (the '741 patent).  The '883 patent, entitled "Liner Assembly for Pipeline Repair and Methods of Installing Same," claims a liner assembly used to repair a pipeline.  The '741 patent, entitled "Installation Assemblies for Pipeline Liners, Pipeline Liners and Methods for Installing the Same," claims an installation assembly and a method for installing a liner in a pipeline.

Nu Flow alleges that "each of the Defendants designated herein as Doe is legally

1  responsible for the events and happenings hereinafter alleged and legally caused injury
2  and damages proximately hereby to Plaintiff." (Compl. ¶ 3.) Nu Flow alleges, based
3  on information and belief, that each of the Defendants "participated in and is in some
4  manner responsible for the acts described in this Complaint and any damages resulting
5  therefrom," and that the Defendants "acted in concert and participation with each other
6  concerning the claim in this Complaint." (*Id.* ¶¶ 4-5.) Moreover, Nu Flow alleges, also
7  on information and belief, that "each of A.O. Reed & Company and Does 1 through 10
8  was employed to act as the agent, servant, and/or employees of each other, and that the
9  acts alleged to have been done by each of them were authorized, approved, and/or
10 ratified by each of them." (*Id.* ¶ 6.)

11     Presently before the Court is A.O. Reed's Motion to Dismiss the Complaint.
12 (Docket No. 9.)

13                              **DISCUSSION**

14  **I.   LEGAL STANDARD**

15     Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the
16 complaint fails to state a claim upon which relief may be granted. Rule 8(a)(2), which
17 governs pleading requirements, states that a pleading must contain "a short and plain
18 statement of the claim showing that the pleader is entitled to relief." The Supreme
19 Court has interpreted this as requiring a showing of facial plausibility. *See Ashcroft*
20 *v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556
21 (2007). On the other hand, Form 18 in the Appendix to the Federal Rules of Civil
22 Procedure, entitled "Complaint for Patent Infringement," provides an example for an
23 allegation of direct infringement, and requires little more than a conclusory statement
24 that the defendant infringed the plaintiff's patent. Form 18, however, does not address
25 indirect infringement.

26     The Federal Circuit has held that under *Twombly*, a plaintiff alleging direct
27 infringement "need only plead facts sufficient to place the alleged infringer on notice
28 as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed.

Cir. 2007) (relying on then Form 16, which is now Form 18). Writing separately, Judge Timothy Dyk explained that because Rule 84 requires a court to accept as sufficient any pleading that conforms to the Forms, a court must find a bare allegation of direct infringement made in accordance to the present Form 18 to be sufficient under Rule 8(a)(2). *Id.* at 1360; *see also Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1162-63 (C.D. Cal. 2010); *Elan Microelecs. Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009). *But see Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010). On the other hand, because Form 18 does not address indirect infringement, the pleading standard of *Twombly* and *Iqbal* applies to allegations of indirect infringement. *Halton Co. v. Streivor, Inc.*, No. C 10-00655 WHA, 2010 WL 2077203, at *3 (N.D. Cal. May 21, 2010); *Elan*, 2009 WL 2972374, at *2.

Form 18 also does not address joint infringement. To be consistent with the requirement that allegations of indirect infringement meet the pleading standard of *Twombly* and *Iqbal*, courts have required allegations of joint infringement to meet the same pleading standard. Specifically, courts have dismissed claims for joint infringement where the plaintiffs did not set forth factual allegations regarding how any single defendant was the "mastermind" of the operation and exercised "direction or control" over the other defendants. *See, e.g., Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*, Civ. No. 12-1724-SLR, 2013 WL 3381258, at *4 (D. Del. July 8, 2013); *Eon Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F. Supp. 2d 527, 534-35 (D. Del. 2011).

## II.   ANALYSIS

Here, A.O. Reed argues that the Complaint should be dismissed because Nu Flow's allegations of joint infringement fail to meet the pleading standard of *Twombly* and *Iqbal*. Joint infringement exists only "if one party exercises control or direction over the entire process such that every step is attributable to the controlling party, i.e., the mastermind." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir.

13-CV-1818

2008) (internal quotation marks omitted). "Giving instructions or prompts to the third party in its performance of the steps necessary to complete infringement, or facilitating or arranging for the third-party's involvement in the alleged infringement, are not sufficient." *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 834 (S.D. Tex. 2008). Courts usually address joint infringement in the context of method claims. To the extent joint infringement is alleged of system claims, however, the same 'control or direction' requirement applies. *See, e.g., Golden Hour Data Sys., Inc. v. Emscharts, Inc.*, 614 F.3d 1367, 1380 (Fed. Cir. 2010).

As a preliminary matter, the Court will address whether the Complaint alleges that the defendants infringed the patents independently or jointly. The Complaint does not explicitly state whether the defendants infringed the patents independently or jointly. However, the Complaint alleges that Defendants "acted in concert and participation with each other concerning the claim in this Complaint," each Defendant "was employed to act as the agent, servant, and/or employees of each other," and "the acts alleged to have been done by each of [the Defendants] were authorized, approved, and/or ratified by each of them." (Compl. ¶¶ 4-6.) There are no allegations that A.O. Reed or the Doe defendants acted independently or alone in allegedly infringing the patents at issue. Accordingly, the Court will construe the Complaint as alleging joint infringement.

Next, the Court will address whether Nu Flow's allegations meet the pleading standard of *Twombly* and *Iqbal*. The Court finds that they do not. First, Nu Flow fails to adequately allege that one defendant exerted control and direction over the other defendants. Specifically, Nu Flow does not identify which defendant acted as the "mastermind" of the operation, directing or controlling the acts of the other defendants. *See Brandywine Commc'ns Techs., LLC v. Casio Computer Co. Ltd.*, 912 F. Supp. 2d 1338, 1351 (M.D. Fla. 2012) (finding that the plaintiff failed to state a claim of joint infringement involving Casio and Verizon where the plaintiff failed to "adequately allege that Casio exerts control and direction over Verizon such that the entire patented

1   process can be attributed to Casio"); *Friday Grp. v. Ticketmaster*, No. 4:08CV01203
2   JCH, 2008 WL 5233078, at *3 (E.D. Mo. Dec. 12, 2008) (granting motion to dismiss
3   a claim of joint infringement because the plaintiff "throws too broad a net and . . .
4   attempts to implicate each defendant without identifying any single defendant as the
5   'mastermind' or that one would ultimately be vicariously liable for the acts of the other
6   defendants").

7         Second, Nu Flow does not set forth any factual allegations in support of its
8   assertions that A.O. Reed and the Doe defendants "acted in concert" or as "agent[s],
9   servant[s], and/or employees of each other," or that "the acts alleged to have been done
10  by each of them were authorized, approved, and/or ratified by each of them." (Compl.
11  ¶¶ 5-6.)   The Complaint contains only conclusory allegations.   It is devoid of any
12  factual allegations relating to the relationship between A.O. Reed and the Doe
13  defendants, how any one of the defendants asserted control or direction over the others,
14  or what obligations each defendant allegedly had to the other defendants.

15        Nu Flow argues that the Complaint alleges a specific relationship between A.O.
16  Reed and the Doe defendants, pointing to paragraph 6.   In paragraph 6, Nu Flow
17  alleges that the defendants were "employed to act as the agent[s], servant[s], and/or
18  employees of each other, and that the acts alleged to have been done by each of them
19  were authorized, approved, and/or ratified by each of them." This allegation, however,
20  is conclusory, as explained above.   Nu Flow provides no facts to support this
21  allegation.

22        Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the first and
23  second claims.

## CONCLUSION

25        For the reasons stated above, the Motion to Dismiss is **GRANTED**.   The first
26  and second claims are **DISMISSED WITHOUT PREJUDICE**.   Plaintiff is
27  **GRANTED** thirty (30) days from the date this Order is filed to file a Second Amended
28  Complaint.   If Plaintiff chooses to file a Second Amended Complaint, Plaintiff should

explicitly state whether the defendants allegedly infringed the patents independently or jointly.

**IT IS SO ORDERED.**

DATED: _4/7/14_

_____
HON. ROGER T. BENITEZ
United States District Judge

13-CV-1818